UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENNETH GRAY MOFFITT | ) | Case No. 12-50829 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| KENNETH GRAY MOFFITT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 12-05028 |
| | ) | |
| Commonwealth of Massachusetts | ) | |
| Department of Revenue, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM-OPINION**

THIS ADVERSARY PROCEEDING is before the Court on the Defendant Commonwealth of Massachusetts Department of Revenue's ("MDOR") Motion for Summary Judgment, which seeks to except from discharge Plaintiff Kenneth Gray Moffitt's (the "Debtor") 2002, 2003, 2004, and 2005 Massachusetts tax liabilities under 11 U.S.C. § 523(a)(1)(B)(i). As discussed below, the Court finds that MDOR is entitled to summary judgment as a matter of law.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

<u>Facts</u>

The factual background of this case is undisputed. The Debtor filed a timely 2002 Massachusetts income tax return on April 15, 2002, reporting an income of $17,119. On August 15, 2005, the Internal Revenue Service (the "IRS") issued a notice of tax examination changes and explanation of items showing that the Debtor's corrected federal tax return for 2002 amounted to $86,058. This change in income was such that it resulted in a deficiency increase in federal income tax of $27,296. The Debtor did not report the change in his 2002 taxable income to MDOR, but the IRS did, notifying MDOR of the deficiency via the Federal Exchange Program. On December 15, 2007, MDOR issued to the Debtor a Notice of Intent to Assess proposing to assess an additional Massachusetts income tax in the amount of $3,903.56. On January 20, 2008, MDOR issued to the Debtor a Notice of Assessment in the total amount of $5,658.93.

In addition to incurring liability for tax year 2002, the Debtor also incurred tax liability for the years 2003, 2004, and 2005. The Debtor filed purported state tax returns for the years 2003, 2004, and 2005 on August 8, 2008. According to MDOR's Statement of Material Facts, the Debtor's state tax liability for these three years amounts to $17,814.40.

The Debtor filed his Chapter 7 bankruptcy petition on September 21, 2012. On November 19, 2012, the Debtor filed a complaint to determine the dischargeability of his indebtedness to MDOR and commenced this Adversary Proceeding. MDOR has filed a motion for summary judgment arguing that the Debtor's tax liability is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i), which excepts from discharge tax debts with respect to which a tax return was never filed. 11 U.S.C. § 523(a)(1)(B)(i).

<u>Legal Discussion</u>

Summary judgment is appropriate under Federal Rule of Bankruptcy Procedure 7056 when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986).

*I.     The Debtor's 2003, 2004, and 2005 Tax Liability.*

The Court must decide whether the purported 2003, 2004, and 2005 Massachusetts tax returns that the Debtor filed in August of 2008 qualify as "returns" under 11 U.S.C. § 523(a). Under § 523(a)(1)(B)(i), a tax debt is excepted from discharge if it is a debt "with respect to which a return, or equivalent report or notice, if required (i) was not filed or given . . . ." 11 U.S.C. § 523(a)(1)(B)(i). Section 523(a)'s "hanging paragraph," added to the Bankruptcy Code as part of the BAPCPA amendments in 2005, clarifies the definition of "return" as follows:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a).

In the apparent absence of a Massachusetts state law definition of "return," the Court will turn to the Sixth Circuit Court of Appeals case of *United States v. Hindenlang* (*In re Hindenlang*), which, in the context of a federal tax debt, set forth the nonbankruptcy law requirements that a document must satisfy in order to qualify as a return under § 523(a). 164 F.3d 1029, 1034-35 (6th Cir. 1999). *See Shorton v. Commonwealth of Massachusetts* (*In re Shorton*), 375 B.R. 26, 31 (Bankr. D. Mass. 2007) (applying *Hindenlang* in context of tax debt owed to the Commonwealth of Massachusetts). To qualify as a return under *Hindenlang*, a document must satisfy the following requirements: "(1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and

3

reasonable attempt to satisfy the requirements of the tax law." *Id.* at 1033 (quoting *United States v. Hindenlang* (*In re Hindenlang*), 214 B.R. 847, 848 (S.D. Ohio 1997)). The last prong of this test, requiring that a document "represent an honest and reasonable attempt to satisfy the requirements of the tax law," is particularly important. As one circuit court discussing this final prong has stated: "The legal test is not whether the filing of a purported return has some utility for the authorities, but whether it is a reasonable endeavor to satisfy the taxpayer's obligations, as it might be if the taxpayer had tried to file a timely return but had failed to do so because of an error by the Postal Service." *In re Payne*, 431 F.3d. 1055, 1058 (7th Cir. 2005).

Here, the Debtor failed to file tax returns for three successive years; 2003, 2004, and 2005. Then he filed purported returns for all three years in August of 2008. The Debtor's briefs in this Adversary Proceeding reveal no explanation for such long delays. The Court cannot accept that the Debtor's filing of purported returns after years in which he failed to pay attention to his responsibilities as a taxpayer represents a reasonable endeavor to satisfy those obligations. Because the purported returns filed in August of 2008 do not represent a reasonable attempt to comply with the tax law, the Debtor's 2003, 2004, and 2005 tax liability is nondischargeable under § 523(a).[1]

*II.     The Debtor's 2002 Tax Liability*

---

[1] MDOR argues in its briefs that the plain language of the hanging paragraph of § 523(a) mandates that the debtor's 2003 through 2005 tax debt be held nondischargeable because the debtor failed to comply with the "applicable filing requirements" of Massachusetts law, and did not file a return "prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law." *See* 11 U.S.C. § 523(a). There is some dispute regarding such an interpretation. Many courts would agree with MDOR's analysis. *See, e.g.*, *McCoy v. Mississippi State Tax Commission* (*In re Mcoy*), 666 F.3d 924, 932 (5th Cir. 2012) ("Unless it is filed under a 'safe harbor provision' similar to § 6020(a), a state income tax return that is filed late under the applicable nonbankruptcy state law is not a 'return' for bankruptcy discharge purposes under § 523(a)."). Other courts dissent from this view. *See, e.g.*, *Brown v. Massachusetts Dep't of Revenue* (*In re Brown*), 489 B.R. 1, 5 (Bankr. D. Mass. 2013) (stating that the interpretation of § 523(a) annunciated in *McCoy*, 666 F.3d at 932, is "ill-conceived and unjustified"). Because the Debtor's purported returns fail under *Hindenlang*, there is no need for the Court to opine as to this dispute.

4

The Debtor filed a timely state tax return in 2002 but failed to file an amended return to reflect the federal adjustment to his 2002 income. The parties here do not dispute that Massachusetts law required the Debtor to file an amended return with MDOR upon the federal adjustment of income. *See* MASS. GEN. LAWS ANN. ch. 62C, § 30 (West ). MDOR argues that the Debtor's 2002 tax debt is nondischargeable because his failure to file an amended return represents a failure to file a "return, *or equivalent report or notice*" under § 523(a)(1)(B)(i). 11 U.S.C. § 523(a)(1)(B)(i) (emphasis added).

From the enactment of the Bankruptcy Code until the passage of BAPCPA in 2005, § 523(a)(1)(B)(i) excepted from discharge any debt "for a tax . . . (B) with respect to which a return, if required (i) was not filed." *State of Maryland v. Ciotti* (*In re Ciotti*), 638 F.3d 276, 278-79 (4th Cir. 2011) (citing Bankruptcy Reform Act, Pub. L. No, 95-598, 92 Stat. 2549 (1978)). During this pre-BAPCPA era, a split of opinion developed. Many courts held that "a debtor's failure to file an amended state tax return to reflect federal adjustments creates a nondischargeable debt under §523(a)(1)(B)(i)." *See Giacci v. United States of America* (*In re Giacci*), 213 B.R. 517, 520 (Bankr. S.D. Ohio 1997). *See also,* e.g., *Blutter v. United States of America* (*In re Blutter*), 177 B.R. 209, 210-211 (Bankr. S.D. N.Y. 1995); *Haywood v. State of Illinois* (*In re Haywood*), 62 B.R. 482, 485 (Bankr. N.D. Ill. 1986). Other courts disagreed, holding that a debtor's initial filing of a tax return satisfied the debtor's obligation under §523(a)(1)(B)(i), and that therefore the debt related to an unreported adjustment could only be treated under §523(a)(1)(C), which excepts from discharge tax liability debts "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." *See California Franchise Tax Board v. Jackson* (*In re Jackson*), 184 F.3d 1046, 1052 (9th Cir. 1999) (citing 11 U.S.C. §523(a)(1)). *See also, e.g.*, *Dyer v. State of Georgia Dep't of Revenue* (*In re Dyer*), 158 B.R. 904, 906 (Bankr. W.D. N.Y. 1993).

BAPCPA amended the text of § 523(a)(1)(B)(i). As noted above, prior to the amendment § 523(a)(1)(B)(i) excepted from discharge tax liability with respect to which "a return, if required (i) was not filed." *See* Bankruptcy Reform Act, Pub. L. No, 95-598, 92 Stat. 2549 (1978). The

5

amended language excepts from discharge a tax liability with respect to which a "return, *or equivalent report or notice* (i) was not filed *or given*." 11 U.S.C. § 523(a)(1)(B)(i) (new language in italics). The Fourth Circuit Court of Appeals has interpreted the amendment as follows:

> It is apparent from the changes that Congress determined that the same policy reasons that justify precluding the discharge of tax debt when the debtor failed to file a return also justify precluding the discharge of the tax debt when the debtor failed to file or give a required report or notice corresponding to that debt.

*Ciotti*, 638 F.3d at 279-80. *See also Green v. United States of America* (*In re Green*), 472 B.R. 347, 365 (Bankr. W.D. Tex. 2012). *Collier on Bankruptcy* has expressed the same view:

> The reference [in the amended § 523(a)(1)(B)(i)] to the failure to provide "notice" means that if a debtor is obligated under nonbankruptcy law to file an amended return or give notice to a governmental unit of an amendment or correction to a prior filed federal tax return, the failure to do so will render nondischargeable any corresponding tax liability to the governmental unit.

*Collier on Bankruptcy* ¶ 523.07 (Alan N. Resnick & Henry J. Sommers eds., 16th ed. 2010). Moreover, a bankruptcy court in Massachusetts has already held that a debtor's failure to file a required amended return with MDOR–the same kind of amended return at issue in this case–constitutes a failure to file a "return, or equivalent report or notice" under current § 523(a)(1)(B)(i). *See Shorton v. Commonwealth of Massachusetts* (*In re Shorton*), 375 B.R. 26, 31 (Bankr. D. Mass. 2007).

The cumulative weight of this authority convinces the Court that the Massachusetts amended return at issue here is exactly the kind of "notice" described in § 523(a)(1)(B)(i). The Debtor was required to file this document, but never did so. Therefore, the corresponding debt is nondischargeable.

6

<u>Conclusion</u>

For the foregoing reasons the Court concludes that MDOR is entitled to summary judgment. The Court will order that the Debtor's $5,658.93 Massachusetts income tax liability from 2002 and his $17,814.40 Massachusetts income tax liability from 2003, 2004, and 2005 be excepted from discharge. A separate Order consistent with the foregoing has been entered in accordance with Federal Rule of Bankruptcy Procedure 9021.

Thomas H. Fulton
United States Bankruptcy Judge

Dated: September 27, 2013